## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 9354 | **DATE** | 7/12/2013 |
| **CASE TITLE** | Arango et al vs. Landry's, Inc et al | | |

**DOCKET ENTRY TEXT**

The Court grants in part and denies in part Plaintiffs' Motion to Compel [37]. Defendants must comply with this Order on or before 7/26/13.

■[ For further details see text below.]   Notices mailed by Judicial staff.

### STATEMENT

Before the Court is Plaintiffs' motion to compel the production of documents from Defendants. For the following reasons, the Court grants the Motion in large part.

### BACKGROUND

Plaintiffs Michael Arango, Catherine Brady, and Joseph Leacy bring a collective action on behalf of themselves and others similarly situated pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA") and putative class action claims under the Illinois Minimum Wage Law ("IMWL") and Illinois Wage Payment and Collection Act ("IWPCA") against Defendants Landry's Inc. ("Landry's") and Bubba Gump Shrimp Company ("Bubba Gump") (collectively "Defendants"). Landry's has owned and operated Bubba Gump as a subsidiary since approximately 2007. (R.1, Compl. ¶ 9.) On May 7, the Court conditionally certified a collective action with respect to Plaintiffs' FLSA claim.

In their Complaint, Plaintiffs allege that Defendants operated an invalid "tip pool" that required Plaintiffs and class members to share their tips with employees who did not customarily receive tips. (*Id.* ¶¶ 3, 20) Specifically, Plaintiffs allege that Defendants required Plaintiffs to turn their tips over in part to "expediters" or "expos," who are "line cooks" who allegedly lack interaction with customers and instead "prepare and assemble dishes to be taken to tables" by "add[ing] garnishes, sauces, and other finishing touches." (*Id.* ¶ 32.) In addition, Plaintiffs allege that Defendants violated the FLSA overtime provisions by requiring or effectively requiring servers and other employees to attend mandatory meetings, perform job duties off the clock, and purchase and maintain uniforms without full reimbursement as a result of their uniform policies. (*Id.* ¶ 101.)

| | Courtroom Deputy Initials: | KF |
|---|---|---|

On February 14, 2013, the Court set a fact discovery deadline of August 30, 2013. At the May 2 status hearing, the Court ordered Defendants to answer all written discovery in this case by May 13, 2013. (R. 28.) On June 20, Plaintiffs filed the present Motion to Compel the production of various documents from Defendants.

## ANALYSIS

In their Motion, Plaintiffs contend that Defendants have improperly withheld the following categories of documents relevant to Plaintiffs' claims: (1) payroll and timekeeping records for absent class members; (2) records which fall within the IWPCA's ten year limitations period; (3) information relating to expediters' rates of pay and compensation; and (4) sworn answers and supplemental responses to certain interrogatories. The Court will consider each category of documents in turn.[1]

### I. Payroll and Timekeeping Records for Absent Class Members

Plaintiffs request payroll and timekeeping records for the named plaintiffs and putative class members. Plaintiffs contend that the information is relevant to both Plaintiffs' anticipated class certification motion and the underlying merits of the FLSA and other claims. Although Defendants have produced some of the requested information, they have heavily redacted the documents to "exclude information relating to putative class members who have not opted in to the suit," claiming the information is confidential. (Pls.' Mot. 4.) Plaintiffs argue that the redacted information does not appear to reflect "sensitive personal information" such as employee social security numbers or contact information, but rather hours worked and wages. In the alternative, Defendants contend that they may provide this information after putative plaintiffs "opt in" to the lawsuit.

Based upon the Court's review of the redacted documents, they do not appear to contain social security numbers or otherwise confidential information. Rather, as Plaintiffs contend, they appear to show primarily hours worked by employees. To the extent that the redacted information contains social security numbers or contact information, Defendants are not obligated to remove those redactions.

Defendants also argue that the wage information for the non-parties itself is confidential, and thus the choice of whether to disclose it rests with the employee rather than the employer. In considering the disclosure of records of non-parties in discovery, courts balance the privacy concerns of the non-parties against the relevancy of the documents. Here, Plaintiff has asserted the payroll and timekeeping records are relevant for several reasons. First, they contend the records will show which employees were paid at the tip credit wage and the number of regular and overtime hours for which they received compensation. Second, they contend that the clock-in times contained in these records bear on their claims that the company encouraged or allowed employees to work off the clock at various times, such as during five-minute pre-shift meetings, until they received their first table assignment, and when approaching the overtime threshold. According to Plaintiffs, these records are also relevant to the class-action commonality, typicality, and numerosity requirements. Although wage information of non-parties is potentially sensitive and may not warrant disclosure in all circumstances, this inquiry depends on context. *Cf. Smith v. City of Chicago*, 04 C 2710, 2005 WL 3215572, at *2 (N.D. Ill. Oct. 31, 2005); *Davis v. Precoat Metals, a Div. of Sequa Corp.*, 01 C 5689, 2002 WL 1759828, at *3 (N.D. Ill. July 29, 2002). Here, the relevancy of such information to Plaintiffs' theory outweighs the privacy concerns. Moreover, based upon representations from Plaintiffs, the parties have agreed to keep information confidential subject to entry of a

---

[1] Based upon Defendants' subsequent representations about document productions and the issues addressed in Plaintiffs' Reply, the Court will treat the remainder of Plaintiffs' Motion as moot.

protective order.[2] Accordingly, the Court grants Plaintiffs' motion with respect to these records. The parties should submit an agreed protective order to the Court on or before July 25, 2013.

**II.   Timekeeping Records Dating Back to 2002 in Connection with Plaintiffs' IWPCA Claim**

Plaintiffs next contend that Defendants have improperly withheld payroll and timekeeping records within the ten-year IWPCA statute of limitations. Defendants do not dispute that the IWPCA carries a ten-year statute of limitations, but argue that the Court should limit Plaintiffs' request for documents to the three-year statute of limitations governing their FLSA and IMWL claims for the sake of consistency and efficiency. In support of this approach, Defendants rely on *Curry v. Kraft Foods Global, Inc.*, No. 10 C 1288, 2011 WL 4036129 (N.D. Ill. Sept. 12, 2011). *Curry*, however, is readily distinguishable. In *Curry*, the district court limited the class period to three years on consistency grounds, when, after completion of discovery according to the three-year time period, the plaintiffs attempted to enlarge the class definition in their motion for class certification without explanation or amending their Complaint. *See* 2011 WL 4036129, at *7. Here, discovery is ongoing and Plaintiffs defined the class period with respect to their IWPCA claims in their Complaint as "anytime from November 2002 through and including the present." (R. 1, Compl. ¶ 137.) Defendants' argument, therefore, is meritless. The Court grants this aspect of Plaintiffs' Motion.

**III.   Information Regarding Pay Rate of Expediters**

**A.   Meet and Confer Objection**

Of particular relevance to this category of documents, Defendants argue that Plaintiffs failed to satisfy the meet and confer requirements of Northern District of Illinois Local Rule 37.2. In support of their argument, Defendants direct the Court to email correspondence between the parties regarding the scope of Plaintiffs' interrogatory #12, which requested information regarding the pay rate of expediters and their total compensation. In sum, Defendants contend that the communication shows not a refusal to produce such documents, but efforts to seek clarification on the scope of the requests in part. According to Defendants, therefore, Plaintiffs' characterization of the dispute as an "impasse" was inaccurate and their motion to compel was premature. Plaintiffs disagree with this characterization.

Putting aside the merits of these objections, at the motion hearing on the present Motion, the Court nonetheless subsequently ordered the parties to step into the hall and meet and confer in their best efforts to resolve the issues in the present Motion. After undertaking these steps, the parties reported to the Court later in the status call that they were still at an impasse. At this point, any objection based upon a failure to meet and confer was subsequently mooted, or at least substantially diminished.[3] Accordingly, the Court will proceed to the merits of the dispute.

---

[2] To cure the asserted privacy issue, Defendants also proposed providing the information of employees at intervals and only for those additional employees who had opted in. This proposal does not account for Plaintiffs' class action claims, in which employees must opt out, not in to the suit.

B. **Expediter Payroll Records**

Plaintiffs seek payroll records showing the rates of pay and total compensation[4] of expediters for the IMWL's three-year limitations period. Defendants presently object to producing the documents on the grounds that the documents are irrelevant and unduly burdensome. The Court will consider the objections in turn.

Defendants contend that the records of expediters are not relevant because courts look to job duties, not pay rates, to determine whether employees are properly included in the tip pool under the FLSA. In response, Plaintiffs contend that Defendants have waived any objection on this basis by failing to state it in their interrogatories. The Court agrees. Federal Rule of Civil Procedure 33 provides that the "[t]he grounds for objecting to an interrogatory must be stated with specificity" and "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). *See United Auto Ins. v. Veluchamy*, 747 F. Supp. 2d 1021, 1027 (N.D. Ill. 2010); *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 351, 365 (N.D. Ill. 2005). Nonetheless, this does not entirely dispose of the relevancy issue, as the Court must consider it in connection with Defendants' objection that the production is unduly burdensome.

Turning to this objection, Defendants argue that Plaintiffs' request for the complete payroll records of every expediter over several years--particularly because expediters are non- FLSA collective action class members--is overly burdensome. Instead, Defendants offer to provide the information through other means, such as by stipulating to the pay rate or rates of expediters or offering deposition testimony or declarations of managers to this effect. (R. 44, Defs.' Resp. 10.) Plaintiffs do not dispute that the request pertains to the pay roll records of non-class members, but argue that it is unclear why Defendants' proposed methods of discovery are any less burdensome than producing several hundred pages of payroll records.

"All discovery is subject to the limitations imposed by Rule 26(b)(2)(C)." Fed. R. Civ. P. 26(b)(1). The Rule 26 allows the Court to "limit discovery if it determines that the burden of the discovery outweighs its benefit." *Kleen Products LLC v. Packaging Corp. of Am.*, No. 10 C 5711, 2012 WL 4498465, at *9 (N.D. Ill. Sept. 28, 2012). In determining the potential benefit of the payroll records of expediters, a review of the applicable FLSA law governing Plaintiffs' claim is necessary. Under the FLSA, an employer may only take a tip credit if two conditions are satisfied. *See* 29 U.S.C. § 203(m). The first is that "the employer must inform the employee of the tip-credit provisions in section 203(m)." *Cumbie v. Woody Woo, Inc.*, 596 F.3d 577, 580 (9th Cir. 2010). The second is that "the employer must allow the employee to keep all of her tips, except when the employee participates in a tip pool with other customarily tipped employees." *Id.* at 580; 29 U.S.C. § 203(m) (providing that it "shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips.").

Plaintiffs contend that Defendants improperly included expediters in the tip pool because expediters are not employees that "customarily and regularly receive tips." The FLSA does not define this phrase and the Seventh Circuit has not yet interpreted it. In other circuits, however, courts have generally looked to the job duties of the employees and their level of interactivity with customers in making this determination. *See, e.g., Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 240 (2d Cir. 2011) (collecting cases); *see also Myers v. Copper Cellar Corp.*, 192 F.3d 546, 550 (6th Cir. 1999). In addition, one district court in this District has noted that "a critical fact to consider" in whether employees who receive tips only through a tip pooling arrangement qualify is whether that arrangement is "based on a voluntarily-arrived-at understanding" as opposed

to a forced tip-pooling arrangement. *See Turner v. Millennium Park Joint Venture, LLC*, 767 F. Supp. 2d 951, 954 (N.D. Ill. 2011).

With these principles in mind, the Court turns to the present dispute over whether the relevancy of the pay records in these circumstances outweighs the burden of producing them. Here, the burden of producing every payroll record for every expediter over several years outweighs their potential benefit. In reaching this determination, the Court does not entirely accept either party's position. With respect to relevancy, Plaintiffs contend that the complete payroll records of all expediters for several years are necessary to show the pay rates and total compensation of the expediters, and thus whether the parties were paid commensurate with back-house employees, and, in turn, whether they qualify as employees that customarily received tips.[5] This argument is somewhat circular. Considering the above case law, what is most central is not whether parties were paid commensurate with back-house employees, but whether or not their job functions were more like traditionally tipped employees because of their degree of customer interaction or other factors. *See Kilgore v. Outback Steakhouse of Florida, Inc.*, 160 F.3d 294, 301 (6th Cir. 1998). Nonetheless, this does not mean, as Defendants suggest, that the pay rate is entirely irrelevant to this determination, at least for the broad purposes of discovery. *See* Fed. R. Civ. P. 26(b)(1) (relevant information need only be "reasonably calculated to lead to the discovery of admissible evidence."). In addition, Plaintiffs further argue that the payroll records are relevant to show the total compensation of expediters and that Plaintiffs were forced to tip out to expediters when expediters were not working. (Pls.' Reply 9.) Therefore, the information sought is at least minimally relevant.

On the other hand, the burden of producing these records for the limited purposes for which Plaintiffs seek them is substantial. This is particularly the case here, in which Defendants have offered to provide pay rate information through the alternative means of depositions and stipulations. In addition, the privacy interests of the expediters as non-class members are greater than those employees discussed previously who may potentially join the class. Accordingly, the Court denies Plaintiffs' Motion in this respect. Rather, Defendants shall produce declarations from the relevant managers or other employees explaining the pay rates and pay practices of expediters, including whether expediters received tips. Defendants shall further produce for a deposition a witness or witnesses, if necessary, with sufficient knowledge on this subject.

## IV. Interrogatory Response #7

In their Motion, Plaintiffs contend that Defendants' response to interrogatory #7, which asked Defendants to identify the reasons underlying their decision to remove expediters from the tip pool in November 2011, was deficient because it failed to identify any facts. Defendants subsequently supplemented their Response to this interrogatory. Plaintiffs claim the supplemental response is still deficient because it fails to "identify the name of any person who made or implemented the change." (Pls.' Reply 10.) In a supplemental response, Defendants state, without waiving their objection on vagueness grounds, that Defendants "made no 'decision' to remove expediters, but rather "after Landry's acquired Bubba Gump Shrimp Co., Landry's streamlined each of the Bubba Gump stores to implement and adhere to Landry's various policies" and that "Landry's management and regional store managers were involved in this transition." (Pls.' Reply, Ex. C.) This response, however, does not explain why Defendants cannot identify specifically the names of those individuals involved in the transition, at least with respect to the Chicago location. Accordingly, the Court grants the Motion with respect to this information.

Defendants have also asserted the attorney-client privilege with respect to some of the requested communications. According to Plaintiffs, Defendants have failed to provide a privilege log. To the extent that Defendants have not already done so, they must substantiate their objection with a privilege log that complies

with the requirements of Federal Rule of Civil Procedure 26(b)(5). *See* Fed. R. Civ. P. 26(b)(5); *RBS Citizens, N.A. v. Husain*, No. 09 C 4956, 2013 WL 2457982, at *5 (N.D. Ill. June 4, 2013) ("The party seeking to invoke the privilege bears the burden of proving all of its essential elements.").

### V.     Request for Attorney's Fees

Plaintiffs request that the Court award attorney's fees for the present Motion. Federal Rule of Civil Procedure 37(a)(5)(C) provides that if a court grants in part and denies in a part a motion to compel, the Court may "apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(c). Considering the totality of the circumstances, the Court in its discretion will award partial attorney's fees and costs for those portions of the Motion related to the disclosure of the records withheld in connection with the IWPCA statute of limitations issue. Plaintiffs shall submit their fee petition by July 22, 2013. Defendants shall respond by July 29, 2013.

### CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Plaintiffs' Motion. Defendants must comply with this Order on or before July 26, 2013.