**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL ARANGO, CATHERINE BRADY, and JOSEPH LEACY, individually and on behalf of all similarly-situated persons, | ) ) ) ) | |
| | ) | Case No. 12 C 9354 |
| Plaintiffs, | ) ) | Judge Amy J. St. Eve |
| | ) | Magistrate Judge Jeffrey Cole |
| v. | ) ) | |
| LANDRY'S, INC. d/b/a LANDRY'S RESTAURANTS, INC. and BUBBA GUMP SHRIMP CO. RESTAURANTS, INC., | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

## <u>JOINT STIPULATION AND AGREEMENT TO SETTLE CLASS ACTION CLAIMS</u>

This Joint Stipulation and Agreement to Settle Class Action Claims ("Settlement," "Stipulation," or "Agreement") is made by Michael Arango, Catherine Brady and Joseph Leacy ("Named Plaintiffs" or "Class Representatives"), individually and on behalf of the class of individuals defined below ("Class Members"), as well as opt-in plaintiffs Alex Branda, David Brant, Elliot Burton, Tonya Christmas, Jason Debolt, Kandice Edwards, Gloria Fox, Jesse Freeman, Natasha Garrett, Anne Hawkins, Michael Hixson, Destiny Holmes, Erin Hudec, Tusiime Jackson, Franchon Jenkins, Alicia Johnson, Benny Kay, Kayleigh Kennedy, Joyee Lin, Alyssa Mandula, Meredith Messerle, Courtney Miguest, Mark Morris, Karim Muhammed, Robyn Nittskoff, Daniel Pluto, Pamela Savell, Lyndsey Schaffer, Luke Schneider, Matthew Scott, Marie Serrano, Kathy Strutz, Cory Sylvester, Kurt Warner, Lumumba Watson and Lauren Williams ("Consent Plaintiffs") (Named Plaintiffs, Class Members, Consent Plaintiffs collectively the "Plaintiffs") and Defendants Landry's, Inc. and Bubba Gump Shrimp Co.

Restaurants, Inc. ("Defendants" or "Bubba Gump") (Plaintiffs and Defendants are collectively referred to as the Parties), in the above-captioned action ("Class Action" or "Action").

## I.     PROCEDURAL HISTORY

This Action, filed on November 21, 2012 by Named Plaintiffs Michael Arango, Catherine Brady and Joseph Leacy in the United States District Court for the Northern District of Illinois, Eastern Division, on behalf of themselves and others similarly situated, and alleging violations of law regarding three alleged practices:  (a) including kitchen staff employees known as "expeditors" in Defendants' mandatory tip pool (in violation of the Fair Labor Standards Act ("FLSA") and Illinois Minimum Wage Law ("IMWL") and New York Labor Law 196(d), (b) requiring employees to attend pre-shift "five minute" meetings off the clock and suffer and permitting servers to wait to clock in until their first table is seated (in violation of the FLSA, IMWL and the Illinois Wage Payment and Collection Act ("IWPCA")), and (c) requiring employees to purchase their own uniform items (in violation of the FLSA and IMWL).   On November 23, 2012, Named Plaintiffs filed a Motion to Conditionally Certify a Collective Action and Issue Notice on their FLSA claims.  Dkt. 5.  The Court granted that motion on May 7, 2013 with respect to employees in the state of Illinois and Notice issued.  Dkt. 29.  Also on November 23, 2012, Named Plaintiffs filed a Motion to Certify a Rule 23 Class Action on their IWPCA and IMWL claims.  Dkt. No. 8.  At Plaintiffs' request the Court denied the motion without prejudice.  Dkt. 23.  On January 13, 2014, Plaintiffs filed a renewed Motion to Certify a Rule 23 Class on counts III (IMWL) and IV (IWPCA) of their Complaint.  Dkt. 92.  That motion was fully briefed.  Dkts. 92, 125, 163, 179.  On June 16, 2014, Defendants filed a Motion for Summary Judgment, seeking dismissal of Count IV alleging that Plaintiffs failed to establish a contract or agreement to pay the wages at issue in this suit. Dkt. 182.  On June 25, 2014 Plaintiffs filed a renewed Motion to Conditionally Certify a Collective Action and Issue Notice

to Class Members Nationwide and to Certify a Rule 23 Class pursuant to New York Law. Dkt. 186.

Beginning in November 2013, the parties jointly retained Mediator Douglas Werman to assist in settling the suit. At that time, with Mr. Werman's assistance, they discussed parameters for settlement and Mr. Werman made a proposal regarding an exchange of information needed to settle the case. The case did not settle at that time. Following the filing of the Defendants' Motion for Summary Judgment and Plaintiffs' Motion for a Collective Action Nationwide and a Rule 23 Class under New York Law, the Parties again resumed settlement negotiations with the assistance of Mediator Werman. In light of the Parties' ongoing settlement negotiations, and at the Parties' agreement, the Court denied all pending motions without prejudice with leave to refile, and stayed the case, generally. Dkt. 204.

On April 8, 2014, and pursuant to the Parties' negotiated agreement to exchange documents necessary for settlement, Defendants provided Summary Statistics for all U.S. Bubba Gump Locations (excluding Illinois). Those statistics included: (1) Number of work weeks; (2) Total Hours Worked; and (3) Average Regular Rate of Pay for the time period 11/21/2009-11/8/2011 for all servers, bartenders and hosts in each state. Plaintiffs also received limited nationwide payroll and tip-out data pursuant to a FRCP 45 subpoena to Paylocity, a payroll company utilized by Defendants in 2010. Defendants have produced all time and/or payroll records in their possession for all Illinois hosts, servers and bartenders for the periods of January 1, 2006 through December 31, 2014.

Counsel for Plaintiffs has reviewed the information produced and conducted a detailed damages analysis for each sub-class identified herein based on the information provided. On July 15, 2014, the parties conducted a mediation settlement conference with Mediator Werman.

3

The Parties were unsuccessful in resolving the class-wide claims on that date, but continued to engage in negotiations and exchanged numerous additional proposals through Mediator Werman throughout the following months. On October 22, 2014, Mediator Werman issued a mediator's proposal. Defendants did not agree to the mediator proposal and instead tendered a counter-proposal on October 30, 2014. After several more exchanges, the Parties reached a settlement on November 21, 2014.

<u>DEFINITION OF "CLASS MEMBERS"</u>

As part of this settlement, the Parties ask that the Court certify three classes composed of:

**Nationwide FLSA Class ("Nationwide Class")**

All persons who have been employed by any Bubba Gump location, excluding Illinois, and worked any shift for any amount of time as a server, server trainer and/or server trainee, who earned the tip credit minimum wage and contributed to the tip pool at any time between March 3, 2010 through November 8, 2011 ("Nationwide Class Period") and are identified in Group Exhibit A and timely submit an opt in or consent form.

**NY Labor Law Class ("NY Class")**

All persons who have been employed at Bubba Gump's New York location(s) and worked any shift for any amount of time as servers, server trainers, and/or server trainees, who contributed to the tip pool at any time between March 3, 2007 through November 8, 2011 ("NY Class Period") and are identified in Group Exhibit A.

**Illinois Class ("Illinois Class")**

All persons who have been employed by Bubba Gump Chicago and worked any shift for any amount of time as bartenders, bartender trainers, bartender trainees, servers, server trainers, server trainees, hosts, host trainers, and/or host trainees at any time between January 1, 2006 through December 31, 2014 ("Illinois Class Period") and are identified in Group Exhibit A.

Group Exhibit A to this Stipulation identifies by name, the individuals who are members of each of the Settlement Classes. Any person not identified in Group Exhibit A is not a member of the class.

4

The Parties also request that the Court appoint Robin Potter, M. Nieves Bolaños and Patrick Cowlin as Class Counsel and the Named Plaintiffs, Michael Arango, Catherine Brady and Joseph Leacy, as Class Representatives.

## II.     BENEFITS OF SETTLEMENT TO CLASS MEMBERS

Named Plaintiffs Arango, Leacy and Brady recognize the expense and length of the proceedings necessary to continue the litigation against Defendants through trial and through any possible appeals. Named Plaintiffs Arango, Leacy and Brady also have taken into account the uncertainty and risk of the outcome of further litigation, the defenses raised by Defendants, and the difficulties and delays inherent in litigation.  In addition, this Agreement will provide a substantial monetary settlement for Class Members without requiring Illinois or NY Class Members to submit a claim form.  Based on the foregoing, the Named Plaintiffs have determined that the Settlement set forth in this Agreement is a fair, adequate and reasonable settlement, and that it is in the best interests of the Class.

## III.     DEFENDANTS' REASONS FOR SETTLEMENT

Defendants have concluded that any further defense of this litigation would be protracted and expensive for all Parties.  Unless this Settlement is made, Defendants will need to devote substantial amounts of time, energy and resources to the defense of the claims asserted by Plaintiffs.  Defendants also have taken into account the uncertainty and risk of further litigation, including any appeals.  Defendants have therefore agreed to settle in the manner and upon the terms set forth in this Agreement to put to rest the Claims as set forth in the Class Action.

## IV.     SETTLEMENT TERMS

NOW, THEREFORE, IT IS HEREBY STIPULATED, by and between the Named Plaintiffs and Class Representatives on behalf of the Consent Plaintiffs and Class Members on the one hand, and Defendants on the other hand, and subject to the approval of the Court, that the

Class Action hereby be compromised and settled pursuant to the terms and conditions set forth in this Agreement and that upon the Final Approval (as defined below), the Class Action shall be dismissed with prejudice, subject to the recitals set forth hereinabove which, by this reference, become an integral part of this Agreement and subject to the following terms and conditions:

1.  **Final Approval Date and Effective Date**

As used in this Settlement, "Final Approval" means the date by which this Settlement is finally approved as provided herein and the Court enters Final Judgment and Order of Dismissal with Prejudice ("Final Judgment" or "Judgment").  The term "Effective Date" means the first date after the judgment by the Court finally approving this Settlement Agreement is no longer appealable, or if an appeal has been filed, the date on which the appeal is final.  Notwithstanding the foregoing, the Parties agree to waive all rights to appeal on entry of Final Judgment, except that Plaintiffs may appeal an award of Class Counsel's fees and costs, or the Enhancement Payments, should the sums awarded by the Court fall below that requested.  Accordingly, where the Final Judgment entered by the Court grants full relief sought by the Parties in the absence of any objection, the Effective Date shall be the date of the Final Judgment.

2.  **Payment to Class Members**

Class Members in the Illinois and NY Classes shall not be required to submit a claim form to participate in this Settlement.  Illinois and NY Class Members who do not exclude themselves from the Settlement will receive a check for their ratable share of the Illinois and/or NY Settlement Fund, as defined in Paragraph IV.6(a) and IV.8.

Class Members in the Nationwide FLSA Class, who timely return consent forms will receive a check for their ratable share of the Nationwide Settlement Fund, as defined in Paragraph IV.6(a) and IV.8.

3.     **Plaintiffs' Release**

As of Final Approval, Illinois and NY Class Members who do not exclude themselves from this Settlement, pursuant to Paragraph IV.15(b) of this Settlement, release and forever discharge the "Released Claims" arising during the Class Period against Defendants, and its past, present, and future direct and indirect parents, affiliates, subsidiaries, divisions, officers, directors, and employees (the "Released Parties") for the relevant "Class Period."  Nationwide Class Members who timely submit a consent form, pursuant to Paragraph IV.16 of this Settlement, release and forever discharge "Released Claims" arising during the Class Period against Defendants, and its past, present, and future direct and indirect parents, affiliates, subsidiaries, divisions, officers, directors, and employees (the "Released Parties") for the relevant "Class Period."

For purposes of this Agreement, the "Released Claims" and "Class Periods" are defined as follows for each sub-class:

**Nationwide Released Claims:** All claims, demands, rights, liabilities, and causes of action based on Defendants' alleged failure to operate a legal tip pool, whether known or unknown, which the Plaintiffs have, have had, or may have under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.,* for wages, interest, and other damages for any period of time they were worked as servers, server trainers, or server trainees between March 3, 2010 through November 8, 2011.  All Settlement Checks shall contain on the back of the check, the following limited endorsement:

### CONSENT TO JOIN AND FINAL RELEASE OF CLAIMS:

I understand that I have up to 180 days from [DATE][1]  to sign and cash this Settlement Check. By endorsing this check, I consent to join in the case entitled *Arango, et al v.*

---

[1] Date the checks are initially mailed to Class Members will be inserted.

*Landry's, Inc. et al.,* No. 12 C 9354, pending in the United States District Court for the Northern District of Illinois, and agree to be bound by the Settlement Agreement negotiated by Class Counsel in that case. I irrevocably and unconditionally waive, release, extinguish, acquit, and forever discharge any claim I might have for unpaid minimum wage under federal wage and hour laws, relating to my employment with Defendants as a server, server trainer, or server trainee between March 3, 2010 through November 8, 2011, as a result of the Company's failure to operate a legal tip pool.

_____     Dated: _____
Signature

**NY Released Claims:** All claims, demands, rights, liabilities, and causes of action based on Defendants' alleged failure to operate a legal tip pool, whether known or unknown, which the Plaintiffs have, have had, or may have under the New York Labor Law §196-d for any period of time they worked as servers, server trainers or server trainees between March 3, 2007 through November 8, 2011. All Settlement Checks shall contain on the back of the check, the following limited endorsement:

### CONSENT TO JOIN AND FINAL RELEASE OF CLAIMS:

I understand that I have up to 180 days from [DATE][2] to sign and cash this Settlement Check. By endorsing this check, I consent to join in the case entitled *Arango, et al v. Landry's, Inc. et al.*, No. 12 C 9354, pending in the United States District Court for the Northern District of Illinois, and agree to be bound by the Settlement Agreement negotiated by Class Counsel in that case. I irrevocably and unconditionally waive, release, extinguish, acquit, and forever discharge any claim I might have for any tip pool violations under NY state wage and hour laws during my employment as a server, server trainer or server trainee between March 3, 2007 through November 8, 2011.

_____     Dated: _____
Signature

**Illinois Released Claims**: All claims, demands, rights, liabilities, and causes of action based on Defendants' alleged failure to pay proper minimum wage and overtime, whether known or unknown, which the Plaintiffs have, have had, or may have for wages, interest, and other damages under the IMWL, 820 ILCS 105/1 *et seq.;* the IWPCA, 820 ILCS 115/1, *et seq.;* and

_____

[2] Date the checks are initially mailed to Class Members will be inserted.

8

the FLSA, 29 U.S.C. §201 *et seq.* arising during the Class Period against the Released Parties for any period of time they were worked as servers, server trainers, bartenders, bartender trainers, hosts or host trainers between November 2, 2002 through December 31, 2014. All Settlement Checks shall contain on the back of the check, the following limited endorsement:

### CONSENT TO JOIN AND FINAL RELEASE OF CLAIMS:

I understand that I have up to 180 days from [DATE][3] to sign and cash this Settlement Check. By endorsing this check, I consent to join in the case entitled *Arango, et al v. Landry's, Inc. et al*., No. 12 C 9354, pending in the United States District Court for the Northern District of Illinois, and agree to be bound by the Settlement Agreement negotiated by Class Counsel in that case. I irrevocably and unconditionally waive, release, extinguish, acquit, and forever discharge any claim I might have for unpaid minimum wage and overtime pay under federal or Illinois state wage and hour laws, relating to my employment with Defendants as a server, server trainer, bartender, bartender trainer, host or host trainer for the period between November 2, 2002 through December 31, 2014.

_____     Dated: _____
Signature

The deadline to sign and cash checks in the Consent to Join and Final Release of Claims will be noted on the back of each settlement check and will be 180 days from the date the settlement checks are first postmarked and mailed by the Claims Administrator.

### 4.     Settlement Fund

The term "Settlement Fund" shall refer to the funds that will be distributed to the Named Plaintiffs, Consent Plaintiffs and Class Members in accordance with Paragraphs IV.6, IV.7 and IV.8 below.  The Settlement Fund shall consist of $2,527,500.00 which represents (i) payment of overtime and minimum wages, tips and interest alleged to be owed to the Named Plaintiffs, Consent Plaintiffs, and Class Members, (ii) the Class Representatives' and Consent Plaintiffs' enhancement payments, and (iii) Plaintiffs' attorneys' fees and costs.  Defendants will make the

---

[3] Date the checks are initially mailed to Class Members will be inserted.

$2,527,500.00 payment into the Settlement Fund within twenty-one (21) days of Preliminary Approval. Defendants shall establish the Settlement Account and it will be an interest bearing account.  All interest earned on the payment Defendants deposit into the Settlement Fund may be used to cover administration fees and costs. Defendants shall identify the name of the banking institution and account information at which the Settlement Fund is established within twenty-one (21) days of Preliminary Approval.

     **5.**      **Settlement Administration Costs**

Third-party claims administrator, KCC Class Action Services, will administer this class action settlement.  The costs of settlement administration shall be paid by Defendants and outside of the Settlement Fund.  Defendants, through the Claims Administrator, will pay the employer's required portion of payroll taxes and will prepare and mail the required tax forms to each class member and will provide class counsel with a copy of all checks and a certification of payments made, all at Defendants' expense and outside of the settlement fund.

     **6.**      **Allocation of Settlement Fund**

The Settlement Fund shall be allocated as follows, subject to Court approval:

     (a)     The amount available from the Settlement Fund for Class Members shall be the Settlement Fund minus the amounts paid to (i) the Named Plaintiffs as a Class Representative enhancement payment and (ii) Class Counsel for attorneys' fees and expenses. The amounts to be deducted from the Settlement Fund are set forth below in subparagraphs (b) and (c).

     (b)     A payment up to $7,500.00 each to Named Plaintiffs Michael Arango, Catherine Brady and Joseph Leacy for a Class Representative Enhancement Award (as explained in Paragraph IV.9(d) below);

(c)     A sum of no more than $750,000.00 of the Settlement Fund to be paid for Class Counsel's attorneys' fees and reasonably incurred litigation and administration costs (as explained in Paragraphs IV.8(a) and IV.9 below), up through the date of final approval.

**7.     Timeline of Settlement Events**

The Parties contemplate the following timeline for settlement events listed.  The date of Preliminary Approval is the base timeline for all actions.  The Parties contemplate presenting this Agreement to the Court on or before May 14, 2015.

(a)  As previously agreed, on December 31, 2014 and as soon thereafter as practicable through the time this agreement was executed, Defendants  provided Plaintiffs' Counsel with the following in electronic and readable format:

   i.    Class lists for the NY and Nationwide Classes to include full names, last known addresses, phone numbers, positons held, and dates of employment for all Class Members who worked at Bubba Gump during the relevant class periods as described in Paragraph I herein;

   ii.   A supplemental class list to include all the same categories of information in IV.7(a)(i) above for all Class Members from the Illinois location who worked as a server, server trainer, server trainee, host, host trainer, host trainee, bartender, bartender trainer or bartender trainee at any time between April 2013 and December 31, 2014;

   iii.  Time and payroll records for  all servers, server trainers, server trainees, hosts, host trainers, host trainees, bartenders, bartender trainers  or bartender trainees at Bubba Gump's Chicago location through December 31, 2014; and

11

      iv.    Dates of employment for all Class Members identified on Group Exhibit A, attached.

(b) The Claims Administrator will mail a Summary Notice to Class Members in accordance with Paragraph IV.14 of this Agreement within twenty-one (21) days after Preliminary Approval.

(c) All objections to the Settlement and requests for exclusion from the Illinois and/or NY Settlements must be postmarked within sixty-three (63) days from the first mailing of the Summary Notice.

(d) All consents to participate in the Nationwide Settlement must be postmarked within sixty-three (63) days (the "Notice Period") from the first mailing of the Summary Notice.

(e) For each notice returned as undeliverable, including notices to Illinois and New York class members to exclude themselves from the respective Class, if any, the Claims Administrator will conduct one skip trace search and will inform Plaintiffs' Counsel of the results. If an updated address is available through a forwarding address, skip trace or other method, the notice will be re-sent.  No more than one skip trace per class member will be run for each returned notice or returned check and Plaintiffs' Counsel will be informed of the results. The Claims Administrator will not mail settlement checks to any class members who do not have a valid address, as evidenced by any returned notice and failed skip traces. However, settlement checks will be mailed to any class member for whom Plaintiffs' Counsel are able to provide an updated mailing address through other means.

(f) Plaintiffs' Counsel shall file a motion for final approval of this Settlement and seek court approval for attorneys' fees no later than ten (10) days before the Final Approval Hearing or on another date set by the Court.

(g) The Claims Administrator will mail settlement checks to (1) all Illinois and New York Class Members, who did not exclude themselves from this Settlement, and (2) all Nationwide Class Members, who timely submitted a consent form within twenty-one (21) days after the entry of an order of Final Approval. Plaintiffs' Counsel shall deliver the Named Plaintiffs' settlement checks.

(h) The deadline for Class Members to cash checks will be one-hundred-eighty (180) days from the date the settlement checks are mailed ("Check-Cashing Deadline"), which shall occur no later than twenty-one (21) days after the entry of an order of Final Approval.  If for any reason checks are not mailed out within twenty-one (21) days after the entry of an order of Final Approval, the check-cashing deadline will be moved forward to equal 180 days from the actual date checks are initially mailed.

(i) Any unclaimed money remaining in the Settlement Fund ten (10) days after the check-cashing deadline, will be retained by Defendants.

**8.** **Calculation of Settlement Amount and Plan of Allocation for Payment to Class Members and Attorneys' Fees**

(a) Within fourteen (14) days of the Effective Date of this Settlement Agreement or entry of an Order granting Plaintiffs' Counsel's request for attorneys' fees, whichever is later, Plaintiffs' attorneys shall receive from the Settlement Fund the amount of attorneys' fees and costs approved by the Court, in amounts not to exceed 29.7% of the settlement fund, or $750,000.00, in attorneys' fees and in costs as more fully set forth in

Paragraph IV.9(a) hereof. Until such time as this payment is made, the Claims Administrator will account for the amounts to be paid as Attorneys' Fees within the Settlement Fund separate from the Class Funds at a bank such as Bank of America, Wells Fargo, or comparable banking institution of Defendants choice pursuant to Paragraph IV.4, and maintained by Defendants, as more fully described below.

(b)     By the date specified in Paragraph IV.7 hereof, the Defendants and the Claims Administrator will issue checks made out to (1) each Illinois and NY Class Member who did not exclude himself or herself from the Settlement or did not have their notice returned after performing up a skip trace search, or for whom no updated address could be provided by other means and (2) each Nationwide Class Member who timely submitted a consent in accordance with the following criteria:

(1)     Each Plaintiff and Class Member will receive a gross check for W-2 wages, less legal payroll deductions for state and federal withholding taxes and any other applicable payroll deductions, for his or her ratable share of the appropriate settlement fund for overtime, tips and/or minimum wage pay according to the formulas set forth in IV.8(c).

(2)     Each Consent Plaintiff will receive, in the same check, separately enumerated Form 1099 income in an amount equal to the Plaintiff's overtime/minimum wage award to account for interest. In addition, the check for each opt-in Illinois Plaintiff who participated in discovery will also include as separately enumerated Form 1099 income the monies paid to them as Enhancement Awards, as described in Paragraph IV.9(e) herein. The check for each Illinois Class Member who did not opt-in will include separately enumerated Form 1099 income in amount equal to approximately twelve percent of the Class Member's overtime/minimum wage award to account for interest. The Named Plaintiffs' check will also

include as separately enumerated 1099 income the monies paid to them as an Enhancement Award, as described in Paragraph IV.9(d). Payroll deductions will not be taken from Plaintiffs' Form 1099 income payments.

(c)     Named Plaintiffs', Consent Plaintiffs' and Class Members' ratable share of the Settlement Awards Fund, estimated to equal $1,777,500.00, has been calculated as follows:

**Nationwide Settlement Funds**

(1)     The Nationwide Settlement Fund totals $1,100,000.00. and the Claims Administrator will account for the Nationwide Settlement Fund within the Settlement Fund separate from the Illinois and NY Funds ata bank such as Bank of America, Wells Fargo, or comparable banking institution of Defendants choice pursuant to Paragraph IV.4, and maintained by Defendants. The bank account shall be used for no purpose other than to make disbursements to the Nationwide Class Members and/or Named Plaintiffs in accordance with this Settlement Agreement. Defendants will provide Plaintiffs' Counsel with the bank account number within 7 days of the account being opened and provide copies of the monthly bank statements.

(2)     If approved, Named Plaintiffs' Enhancement Awards will be paid from the Nationwide Settlement fund as described in Paragraph IV.9(d) herein. Each Class Member who timely submits a consent form shall be entitled to receive a settlement payment calculated as 100% of their alleged owed minimum wages. Participating Class Members' owed minimum wages will be calculated by multiplying the difference between the full minimum wage and the tip credit minimum wage by the number of hours the Class Member worked during the relevant Class Period.

(3)     The settlement payments will be decreased on a ratable basis should the Nationwide Settlement Fund be exhausted.

(4)     The final accounting of each participating Class Member's settlement payment will be performed by the Class Administrator, who will provide the final accounting to Plaintiffs' Counsel within 14 days of the close of the Notice Period.

**NY Settlement Funds**

(5)     The NY Settlement Fund totals $187,500.00. The Claims Administrator will account for the NY Settlement Fund within the Settlement Fund separate from the Illinois and Nationwide Funds at a bank such as Bank of America, Wells Fargo, or comparable banking institution of Defendants choice pursuant to Paragraph IV.4, and maintained by Defendants.  The bank account shall be used for no purpose other than to make disbursements to the New York Class Members in accordance with this Settlement Agreement.  Defendants will provide Plaintiffs' Counsel with the bank account number within 7 days of the account being opened and provide copies of the monthly bank statements.

(6)     Each Class Member will receive his or her ratable share of the NY Fund. Each class member's ratable share of the fund will be calculated based on the amount he or she contributed to the tip share, calculated from sales data provided by Defendants for  each individual class member and the Defendants' required tip out percentage during the relevant Class Period compared against the total amount New York class members contributed to the tip share during the relevant Class Period.  Each Class Member's estimated ratable share is contained in Group Exhibit A. If a NY Class Member excludes him/herself from the class, the Class Member's share will be re-allocated to the NY Fund and be ratably distributed to the participating NY Class Members.

(7)     The final accounting of each participating Class Member's settlement payment will be performed by the Class Administrator, who will provide the final accounting to Plaintiffs' Counsel within 14 days of the close of the Notice Period.

**Illinois Settlement Funds**

(8)     The Illinois Settlement Fund totals $490,000.00.  The Claims Administrator will account for the Illinois Settlement Fund within the Settlement Fund separate from the NY and Nationwide Funds at a bank such as Bank of America, Wells Fargo, or comparable banking institution of Defendants choice pursuant to Paragraph IV.4, and maintained by Defendants.  The bank account shall be used for no purpose other than to make disbursements in accordance with this Settlement Agreement.  Defendants will provide Plaintiffs' Counsel with the bank account number within 7 days of the account being opened and provide copies of the monthly bank statements.

(9)     The Illinois Settlement Fund will be disbursed among three damages sub-classes: Tip Pool Violations; Off the Clock Work; and Uniforms on a pro rata basis and as calculated by Plaintiffs' Counsel and as described in Paragraph IV.8(b)(2) herein, based on the data produced by Defendants and described in Paragraph IV.7(a) herein. Estimated disbursements to each Illinois Class Member are also enumerated in Group Exhibit A.  If an Illinois Class Member excludes him/herself from the class, the Class Member's share will be re-allocated to the Illinois Fund and be ratably distributed to the participating Illinois Class Members.

(d)     Every 60 days from the date settlement checks are issued and throughout the 180-day check cashing period, Defendants will provide Plaintiffs' Counsel with an accounting of all checks that remain uncashed. A final accounting will be provided within

17

fourteen (14) days after the 180-day check cashing period has lapsed, as described in Section IV.7 and will be filed with the Court.

(e)     As provided in Paragraph IV.10, settlement checks that are not cashed on or before the Cash-Checking Deadline will be void and the funds will revert to the Defendants consistent with the terms of this Agreement.

(f)     Defendants will pay, separate and apart from the settlement payments, the employer's share of all applicable state and federal payroll taxes on any check for wages that is distributed and received by the Plaintiffs and Class Members. Defendants will issue an IRS form W-2 to Plaintiffs and Class Members for the settlement payments that constitute wages. Defendants will issue an IRS Form 1099 to the Plaintiffs and Class Members for the monies issued to them for interest and/or Enhancement Awards.  Defendant will bear all costs and fees associated with the Claims Administration of the Settlement Fund.

9.     **Fees Award and Class Representative and Consent Plaintiff Enhancement Awards**

(a)     Class Counsel shall seek and Defendants counsel will not object to the payment from the Settlement Fund of $750,0000.00 to Class Counsel as attorneys' fees and costs or to any petition or request to the Court for approval of the same.

(b)     The fees and costs award approved by the Court shall be paid to Class Counsel from the Settlement Fund as set forth in Paragraphs IV.7 and IV.8 hereof.

(c)     The payment of the fees and costs award to Class Counsel shall constitute full satisfaction of the obligation to pay any amounts to any person, attorney or law firm for attorneys' fees, expenses or costs in the Action incurred by any attorney on behalf of the Named Plaintiffs, Consent Plaintiffs and the Class Members, and shall relieve Defendants, the Settlement Fund, and Defendants' Counsel of any other claims or liability to any other attorney

18

or law firm for any attorneys' fees, expenses and/or costs to which any of them may claim to be entitled on behalf of the Named Plaintiffs, Consent Plaintiffs, and the Class Members. In exchange for such payment, Class Counsel will remise, release and forever discharge any attorneys' lien on the Settlement Fund.

(d)     Class Counsel may apply for an "Enhancement Award" to Class Representatives Michael Arango, Catherine Brady and Joseph Leacy in an amount not to exceed Seven Thousand Five Hundred Dollars ($7,500.00) each, to be paid for their time and effort spent conferring with Plaintiffs' Counsel, filing and pursuing the Action, participating in written discovery and depositions, attending the mediation sessions, and in recovering wages on behalf of all Class Members. The Class Representative Enhancement Awards shall be paid from the Nationwide Settlement Fund in the form of a check as described in Paragraph IV.8(b)(2). Defendants agree not to oppose such application.

(e)     Class Counsel may apply for an "Enhancement Award" to Illinois Opt-in Plaintiffs, to be paid for their time and effort advancing the case by conferring with Plaintiff's Counsel, participating in written discovery, and/or participating in depositions. Illinois Opt-in Enhancement Awards for those Opt-in Plaintiffs who participated in written discovery shall not exceed Five Hundred Dollars ($500.00) each, and for those Opt-in Plaintiffs who participated in written discovery and a deposition shall not exceed One Thousand Dollars ($1,000.00) each. Illinois Opt-in Enhancement Awards shall be paid from the Illinois Settlement fund  in the form of a check as described in Paragraph IV.8(b)(2). Defendants agree not to oppose such application. The proposed Enhancement Payments for opt-in Plaintiffs are enumerated in Group Exhibit A.

10. **Remainder Distribution**

Any portion of the Settlement Fund that is unclaimed after the closure of the distribution period described in Paragraph IV.19 of this Agreement ("Remainder Amount") shall be reverted back to Defendants within ten (10) days after the expiration of the one-hundred-eighty (180) day check-cashing period.

11. **Responsibilities of Defendants**

Defendants shall:

(a)     Perform all duties as stated in this Agreement.

(b)     Provide Plaintiffs' Counsel with the information outlined in Paragraph IV.7(a) herein.  Defendants shall also provide Class Counsel the Social Security Number or other tax identification numbers used by Plaintiffs while working for Defendants.

Refrain from communications with Plaintiffs and Class Members regarding the Settlement. In the event any Plaintiff and/or Class Member communicates with Defendants or their managers regarding the Settlement, Defendants and their managers shall direct the Plaintiff and/or Class Member to contact Plaintiffs' Counsel or the Claims Administrator.

12. **Operation of the Settlement Fund**

(a)     The Defendants, or Claims Administrator, shall issue payments to Plaintiffs from the Settlement Funds according to his or her ratable percent share, as set forth in Paragraph IV.8 herein.  Class Counsel will calculate the estimated back overtime, minimum wage, enhancement and/or interest awards to be paid to Illinois Class Member (before legal withholdings) from the Settlement Funds in accordance with the terms and provisions of this Agreement.  The Claims Administrator will complete the final calculations of the Nationwide

and NY Class Members' ratable share of the Settlement Fund(s) as set forth in Paragraph IV.8 herein.

(b)     The Defendants shall make all proper payments from the Settlement Funds and ensure the third-party Claims Administrator prepares and mails all payments to Class Members consistent with this Agreement and delivers the Named Plaintiffs' payments to Class Counsel.

(c)     Defendants shall cause to be timely and properly filed all informational and other tax returns, if any, necessary with respect to the Settlement Fund. Such returns shall be consistent with this paragraph. If any taxable income is generated by the Settlement Fund, in all events the tax returns filed shall reflect that all taxes payable on the taxable income of these funds, if any, shall be paid by the Defendants.

### 13.     <u>Additional Claims</u>

No person shall have any claim against Defendants, Defendants' Counsel, the Named Plaintiffs, the Consent Plaintiffs, Class Members or Plaintiffs' Counsel based on distributions and payments made in accordance with this Agreement.

### 14.     <u>Notice/Approval of Settlement and Settlement Implementation</u>

As part of this Settlement, the Parties agree to the following procedures for obtaining preliminary Court approval of the Settlement, notifying Class Members, obtaining final Court approval of the Settlement, and processing the settlement payments:

(a)     <u>Preliminary Approval Hearing</u>.     Plaintiffs shall move for Preliminary Approval of the Settlement ("Preliminary Approval" or "Order") on or before May 14, 2015 or as soon as practicable thereafter. In conjunction with the Motion for Preliminary Approval, Plaintiffs will submit this Agreement, which sets forth the terms of this Settlement, and will

include proposed forms of all notices and other documents as attached hereto necessary to implement the Settlement.

      (b)    <u>Notice to Class Members</u>.  Notice of the Settlement shall be provided to the Named Plaintiffs, Consent Plaintiffs and Class Members, and the Claims Administrator shall submit any objections to the Settlement, and/or requests for exclusion from the Class, using the following procedures:

      (1)    <u>Settlement Administration</u>.  The Claims Administrator, with the assistance of the Defendants, and Class Counsel as necessary, shall administer the Settlement on the timetable stated in Paragraph IV.7 of this Agreement and for such other tasks as the Parties mutually agree or the Court orders to be performed in the administration of the Settlement.

      (2)    <u>Summary Notice to Class Members</u>.  On the timetable specified in Paragraph IV.7 of this Agreement, the Claims Administrator shall send a copy of the appropriate Summary Notice, attached hereto as Exhibits B1 (Nationwide), B2 (NY) and B3 (Illinois), to Class Members via First Class regular U.S. mail.  The Summary Notice will be mailed using the most current mailing address information which will be provided by Defendants.  Nationwide Summary Notices will include the Consent Form, attached hereto as Exhibit D.  The Claims Administrator shall promptly conduct a second mailing for any Class Member whose Summary Notice is returned as undeliverable within fifty (50) days of the date of the initial mailing, provided that a forwarding address is provided by the U.S. Postal Service or otherwise located by the skip trace run in accordance with Paragraph IV.7 herein.  If after this second mailing, the Summary Notice is again returned as undelivered and no other forwarding address is available, the notice mailing process shall end for that Class Member, and no check shall be sent except insofar as Plaintiffs' Counsel is able to obtain additional contact information, in which case the

Summary Notice will be re-mailed, if such re-mailing would occur within the applicable opt out/in time provided for herein. However, if after the opt in/out period has expired, Plaintiffs' Counsel is able to provide an updated address for any Illinois or NY classmember through other means, a settlement check shall be sent so long as it is within the Check Cashing Period, in accordance with Section IV.19(b).

(3)    <u>Complete Notice</u>

The Summary Notice will explain that Class Members may obtain a Complete Notice from Plaintiffs' Counsel and/or the Claims Administrator. The Complete Notices are attached hereto as Exhibits C1 (Nationwide), C2 ( NY), and C3 (Illinois). Plaintiffs' Counsel will mail a Complete Notice to each Class Member who requests one.

(4)    <u>Update of Contact Information</u>

Plaintiffs' counsel will receive copies of all communications from Plaintiffs and/or Class Members to the Claims Administrator regarding updates to their contact information. Plaintiffs will be asked to provide the Social Security Number they utilized while employed by Defendants or other tax identification number(s) to confirm their identity when updating their address by telephone.

**15. <u>Procedure for Objecting to or Requesting Exclusion from the Class Action Settlement</u>**

(a)    <u>Procedure for Objecting</u>. The Summary Notice to the NY and Illinois Class Members shall provide that Class Members who wish to object to the Settlement must mail a written statement objecting to the Settlement to the Clerk of the Court and Plaintiffs' counsel or the Claims Administrator. Such written statement must be postmarked no later than sixty-three (63) days after the date the Notice is first mailed (the "Objection/Exclusion Deadline Date"). No Class Member shall be entitled to be heard at the Final Approval Hearing (whether individually

23

or through separate counsel) or to object to the Settlement, and no written objections or briefs submitted by any Class Member shall be received or considered by the Court at the Final Approval Hearing, unless written notice of the Class Member's intention to appear at the Final Approval Hearing (if such Class Member does intend to appear either personally or through counsel), and/or copies of any written objections or briefs, shall have been mailed to the Clerk of the Court and Plaintiffs' counsel on or before the Objection/Exclusion Deadline Date. The date of the postmark on the mailing envelope shall be the exclusive means used to determine whether an objection to the Settlement has been timely submitted. No later than ten (10) days after the Objection/Exclusion Deadline Date, Plaintiffs' counsel shall furnish to Defendants' Counsel copies of objections received from Class Members. Class Members who fail to submit timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

(b)     Procedure for Requesting Exclusion ("Opt Outs"). The Notice to Illinois and NY Class Members shall provide that Class Members who wish to exclude themselves from the Class must submit a written statement requesting exclusion from the Class on or before the Objection/Exclusion Deadline Date. Such written request for exclusion must contain the name, address and the last four digits of the Social Security number the Class Member used when working for Defendants, must be returned by mail to Plaintiffs' counsel or the Claims Administrator on or before the Objection/Exclusion Deadline Date. The date of the postmark on the return mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted. Any Class Member who opts out of the Class will not be entitled to any recovery under the Settlement and will not be bound by the Settlement or have

any right to object, appeal or comment thereon. No later than ten (10) days after the Objection/Exclusion Deadline Date, Plaintiffs' counsel shall furnish to Defendants' Counsel a complete list of all Class Members who have timely requested exclusion from the Class. All settlement amounts allocated to a class member who excludes him/herself from the class and/or the settlement, will be reallocated to the class funds from which they would otherwise be disbursed and will be made available for payment to the remaining members of the relevant class on a ratable basis. These calculations shall be made by the Claims Administrator.

16. **Procedure for Consenting to or Joining the Nationwide Class Action Settlement**

The Notice to Nationwide Class Members shall provide that Class Members who wish to join or "opt-in" to the Settlement must complete, sign, date and mail or deliver the Consent Form (attached hereto as Exhibit D) included with the Summary Notice (Exh. B1) to the Claims Administrator. The Notice will further provide that, in order to be timely, all consent forms must be postmarked no later than sixty-three (63) days from the date the first Notice was mailed.

17. **No Solicitation of Settlement Objections or Exclusions**

At no time shall either Party or their counsel seek to solicit or otherwise encourage Class Members to submit written objections to the Settlement or for exclusion from the Class, or appeal from the Court's Final Judgment.

18. **Final Settlement Approval Hearing and Entry of Final Judgment**

Upon expiration of the Objection/Exclusion Deadline Date, with the Court's permission, a Final Approval Hearing shall be conducted to determine final approval of the Settlement along with the amount payable for (i) attorneys' fees and cost award and (ii) the Class Representatives' Enhancement Awards. Upon final approval of the Settlement by the Court at or after the Final

Approval Hearing, the Parties shall present a Final Judgment and Order of Dismissal with Prejudice ("Final Judgment") to the Court for its approval.

**19.    Undistributed Settlement Awards**

(a)    A Class Member who excludes himself or herself from this Settlement will not receive any payment from the Settlement Fund.

(b)    So long as not after the Cash-Checking Deadline, the Class Administrator will deliver the settlement checks as specified above and will forward any returned checks to any address provided by the U.S. Postal Service, the Class Member, or otherwise identified by Plaintiffs' Counsel.  Returned checks will be forwarded so long as updated contact information is obtained up to seven (7) days from the Check-Cashing Deadline.

(c)    As specified in Paragraph IV.7, Class Members will have one-hundred-eighty (180) days after the date of the initial mailing of the settlement checks to cash their checks. If any Class Member's settlement check is not cashed within that 180-day period, the check will be void.  In such event, any Class Member whose check was not cashed will be deemed to have waived irrevocably any right or claim to his or her payment from the Settlement Fund, but the Settlement nevertheless will be binding upon the Class Member.

(d)    If the Claims Administrator is unable to deliver a Settlement check to a Class Member, or if a check remains uncashed within one-hundred-eighty (180) days after it is mailed, the amount of such Settlement payments will revert to the Defendants.

**20.    Defendants' Legal Fees and Settlement Administration Costs**

All of Defendants' own legal fees, costs and expenses incurred in this Action shall be borne by Defendants. The Parties agree to cooperate in the Settlement administration process and to make all reasonable efforts to control and minimize the costs and expenses incurred in administration of the Settlement.

26

21.     <u>**Nullification of Settlement Agreement**</u>

This Settlement Agreement is contingent upon the final approval and certification by the Court of the Settlement Class for settlement purposes. In the event: (i) the Court does not enter the Order specified herein; (ii) the Court does not finally approve the Settlement as provided herein; (iii) the Court does not enter a Final Judgment as provided herein, which becomes final as a result of the occurrence of the Final Approval; or (iv) the Settlement does not become final for any other reason, this Settlement Agreement shall be null and void, and any order or judgment entered by the Court in furtherance of this Settlement shall be treated as void *ab initio*. In such a case, Defendants do not waive, and instead expressly reserve, their rights to challenge the propriety of class certification on any ground and for any purposes as if this Settlement Agreement had not been entered into by the Parties.  Further, the Parties and any funds to be awarded under this Settlement shall be returned to their respective statuses as of the date and time immediately prior to the execution of this Agreement, and the Parties shall proceed in all respects as if this Settlement Agreement had not been executed.  In the event an appeal is filed from the Court's Final Judgment, or any other appellate review is sought prior to the Final Approval, administration of the Settlement shall be stayed pending final resolution of the appeal or other appellate review.

22.     <u>**Certification of Distribution of Settlement Checks**</u>

(a)     The Claims Administrator shall keep Plaintiffs' Counsel apprised of the status of all mailings of the Settlement payments, and any returned mailings, upon request by the Plaintiffs' Counsel.  Defendants' counsel and/or the Claims Administrator shall also provide Plaintiffs' Counsel with an accounting of the proceeds disbursed from the Settlement Fund upon request. Every 60 days, from the date settlement checks are issued and throughout the check cashing period, Defendants and/or the Claims Administrator will provide Plaintiffs' Counsel

27

with an accounting of all checks that remain uncashed. A final accounting will be provided within 14 days after the 180-day check cashing period has lapsed, as described in Section IV.7, and will be filed with the Court.

23.    **Exhibits and Headings**

The terms of this Agreement include the terms set forth in any attached Exhibits, which are incorporated by this reference as though fully set forth herein. Any Exhibits to this Agreement are an integral part of the Settlement. The descriptive headings of any paragraphs or sections of this Agreement are inserted for convenience of reference only and do not constitute a part of this Agreement.

24.    **Interim Stay of Proceedings**

The Parties agree to hold all proceedings in the Class Action, except such proceedings necessary to implement and complete the Settlement, in abeyance pending the Final Approval Hearing to be conducted by the Court. In this regard, the Parties stipulate that until the Settlement is either approved fully or nullified under the circumstances set forth in Paragraph IV.17 above, neither party need serve or respond to discovery, or file responsive pleadings or motions.

25.    **Amendment or Modification**

This Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors in interest.

26.    **Entire Agreement**

This Agreement and any attached Exhibits constitute the entire agreement between these Parties, and no oral or written representations, warranties or inducements have been made to any Party concerning this Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.

27.     **Authorization to Enter Into Settlement Agreement**

Counsel for all Parties warrant and represent they are expressly authorized by the Parties whom they represent to negotiate this Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement. The Parties and their counsel will cooperate with each other and use their best efforts to effect the implementation of the Settlement. In the event the Parties are unable to reach agreement on the form or content of any document needed to implement the Settlement, or on any supplemental provisions that may become necessary to effectuate the terms of this Settlement, the Parties may seek the assistance of the Court to resolve such disagreement.

28.     **Binding on Successors and Assigns**

This Agreement shall be binding upon, and inure to the benefit of, the successors or assigns of the Parties hereto, as previously defined.

29.     **Illinois Law Governs**

All terms of this Agreement and the Exhibits hereto shall be governed by and interpreted according to the laws of the State of Illinois.

30.     **Counterparts**

This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement shall exchange among themselves original signed counterparts.

31.     **This Settlement is Fair, Adequate and Reasonable**

The Parties warrant and represent they have conducted a thorough investigation of the facts and allegations in the lawsuit and have diligently pursued an investigation of the claims alleged in the lawsuit. The Parties further represent and warrant that they believe this Settlement

is a fair, adequate and reasonable settlement of this action and that they have arrived at this Settlement in arms-length negotiations, taking into account all relevant factors, present and potential. This Settlement was reached after extensive negotiations. The parties agree to continue cooperating to effectuate the terms of this Agreement.

### 32. **Jurisdiction of the Court**

The District Court has and will retain jurisdiction over the Parties, Class Members and the subject matter of this litigation. Upon dismissal of this matter, the Court will retain and the parties and their counsel hereto submit to the jurisdiction of the Court for the sole purpose of interpreting, implementing, and enforcing this Agreement consistent with the terms herein and all orders and judgments entered in connection therewith. The case shall be reinstated only if necessary and solely be for the purpose of seeking to enforce, implement or interpret the terms of this Agreement, including the collection of any unpaid installments due under this Agreement, and to seek other damages, including attorneys' fees and/or expenses, incurred as a result of successfully bringing an enforcement proceeding under this provision.

### 33. **Cooperation and Drafting**

Each of the Parties has cooperated in the drafting and preparation of this Agreement. Hence, in any construction made to this Agreement, the same shall not be construed against any of the Parties.

### 34. **Invalidity of Any Provision**

Before declaring any provision of this Agreement invalid, the Court shall first attempt to construe the provisions valid to the fullest extent possible consistent with applicable precedents so as to define all provisions of this Agreement valid and enforceable.

35.     **Circular 230 Disclaimer**

Each Party to this Agreement (for purposes of this section, the "Acknowledging Party"; and each party to this Agreement other than the Acknowledging Party, and "Other Party") acknowledges and agrees that (1) no provision of this Agreement, and no written communication or disclosure between or among the Parties or their attorneys and other advisers, is or was intended to be, nor shall any such communication or disclosure constitute or be construed or be relied upon as, tax advice within the meaning of United States Treasury Department Circular 230 (31 CFR Part 10, as amended); (2) the acknowledging party (A) has relied exclusively upon his, her or its own, independent legal and tax advisers for advice (including tax advice) in connection with this Agreement, (B) has not entered into this Agreement based upon the recommendation of any other party or any attorney or advisor to any other party, and (C) is not entitled to rely upon any communication or disclosure by any attorney or adviser to any other party to avoid any tax penalty that may be imposed on the acknowledging party; and (3) no attorney or adviser to any other party has imposed any limitation that protects the confidentiality of any such attorney's or adviser's tax strategies (regardless of whether such limitation is legally binding) upon disclosure by the acknowledging party of the tax treatment or tax structure of any transaction, including any transaction contemplated by this agreement.

DATED: May 14, 2015_____          ROBIN POTTER & ASSOCIATES, P.C.

                                   By: /s/ Robin Potter_____
                                   ROBIN POTTER
                                   M. NIEVES BOLAÑOS
                                   PATRICK COWLIN
                                   Attorneys for Plaintiffs


DATED: May 14, 2015_____          SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP

                                   By: /s/ Kevin M. Cloutier_____
                                      KEVIN M. CLOUTIER
                                      MIKELA T. SUTRINA
                                      Attorneys for Defendants, Landry's Inc.,
                                      and Bubba Gump Shrimp Company Restaurants, Inc.